JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Please attached sheet.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
Please see attached sheet.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights  ☐ 830 Patent  ☐ 835 Patent - Abbreviated New Drug Application  ☐ 840 Trademark | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations  ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment  ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other  **Other:**  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application  ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education  ☐ 550 Civil Rights  ☐ 555 Prison Condition  ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act, 15 U.S.C. § 1681, et al.
Brief description of cause:
Fair Credit Reporting Act, 15 U.S.C. § 1681, et al.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 10/21/20
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Please see attached sheet.__

Address of Defendant: __Please see attached sheet.__

Place of Accident, Incident or Transaction: __N/A__

**RELATED CASE, IF ANY:**

Case Number: __N/A__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/21/20__    _____    __202618__
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* Fair Credit Reporting Act 15 U.S.C. 1681, et

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Richard Kim__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __10/21/20__    _____    __202618__
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Paul Hollowell | : | CIVIL ACTION |
| v. | : | |
| Trans Union, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 10/21/20 | _signature_ | Richard Kim |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 855-996-6342 | 855-235-5855 | rkim@thekimlawfirmllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Party Information Attachment**

**Plaintiff:**

Paul Hollowell, 108 Avon Rd. Narberth, PA 19072

**Represented by:**

The Kim Law Firm, LLC
Richard Kim, Esquire
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342
Fax 855-235-5855
Email: rkim@thekimlawfirmllc.com

**Defendants:**

Trans Union, LLC:  1510 Chester Pike, Crum Lynn, PA 19022.

Experian Information Solutions, Inc.:  29 Broadway 6th Floor New York, NY 10009 with the following registered agent for service: Corporation Trust Company, 820 Bear Tavern Rd., West Trenton NJ 08628.

Equifax Information Services LLC: 1550 Peachtree St NE, Atlanta, Georgia 30309 with the following registered agent for service: Corporation Trust Company, 820 Bear Tavern Rd., West Trenton NJ 08628.

Ocwen Loan Servicing, LLC: 1661 Worthington Rd STE 100. West Palm Beach, FL 33409.

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Paul Hollowell,** | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| **Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services LLC and Ocwen Loan Servicing, LLC** | : |
| Defendants. | : |

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Paul Hollowell is an adult individual who resides in Narberth, PA.

5. Defendant Trans Union, LLC ("TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant Experian Information Solutions, Inc ("EX") is a business entity that

regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 29 Broadway 6th Floor New York, NY 10009 with the following registered agent for service: Corporation Trust Company, 820 Bear Tavern Rd., West Trenton NJ 08628.

7. Defendant Equifax Information Services LLC ("EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1550 Peachtree St NE, Atlanta, Georgia 30309 with the following registered agent for service: Corporation Trust Company, 820 Bear Tavern Rd., West Trenton NJ 08628.

8. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a business entity that regularly conducts business in the Eastern District of Pennsylvania with a principal place of business located at 1661 Worthington Rd STE 100. West Palm Beach, FL 33409.

**Facts**

9. Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10. The inaccurate trade line is reported by Ocwen through the credit reporting Defendants TU, EX and EQ.  The trade line is inaccurate because, among other reasons, Defendants are reporting the tradeline with incomplete, false and misleading information by failing to note or reflect in any meaningful way: i) that a repayment plan was entered into to satisfy the debt; ii) that Plaintiff continues to make repeated payments on the debt which Ocwen has been receiving, which the Defendants have failed to include within Plaintiff's credit report; and iii) by continuing to report a past due amount despite a repayment plan being entered which Plaintiff has adhered to.

11. The inaccurate information has repeatedly appeared on Plaintiff's consumer reports

provided by TU, EX and EQ.  Plaintiff disputed some of the inaccurate information with TU, EX and EQ.  Despite disputing the information, Defendants continue to include the Ocwen trade line in Plaintiff's credit profile resulting in the continued reporting of inaccurate information through the issuance of incomplete, false and misleading inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false.

13. Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

14. Defendants knew or should have known that its actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

15. Plaintiff's credit report and file have been obtained from TU, EX and EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from TU, EX and EQ by such third parties.  Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendants reporting of the inaccurate information.

16. Because of Defendants' conduct, Plaintiff has suffered actual damages in the form

of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

17. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## Count One – Violations of the FCRA
### Plaintiff v. TU, EX and EQ

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, TU, EX and EQ are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a).

24. The conduct of Defendants was a direct and proximate cause, as well as a

substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Two – Violations of the FCRA
### Plaintiff v. Ocwen

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Ocwen was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. Ocwen violated Sections 1681n and 1681o of the FCRA by engaging in the following conduct:

   a. willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade lines;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

   e. willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff provided to Ocwen;

    f. willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

    g. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

29. The conduct of Ocwen was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above.  As a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages;

    d. Costs and reasonable attorneys' fees; and

    e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

<u>/s/ Richard H. Kim</u>
Richard Kim, Esquire
Attorney I.D. No. PA: 202618
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorneys for Plaintiff Paul Hollowell*

Dated:   October 21, 2020